**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CYNTHIA FIGUEROA,

     Plaintiff,                     CASE NO.: 8:25-cv-03336

v.

PINELLAS COUNTY SHERIFF'S OFFICE,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA FIGUEROA, (hereinafter "Plaintiff" or "Ms. Figueroa"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, PINELLAS COUNTY SHERIFF'S OFFICE, (hereinafter "Defendant" or "PCSO"), and alleges:

## JURISDICTION AND VENUE

1. This is a civil action under federal law by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA").

2. This Court has jurisdiction over Plaintiff's ADA and Title VII claims under 28 U.S.C. §§ 1331 and 1343.

3.    This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

4.    Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Pinellas County, Florida.

## PARTIES

6.    Plaintiff, CYNTHIA FIGUEROA, is a resident of Hillsborough County, Florida.

7.    Defendant, PINELLAS COUNTY SHERIFF'S OFFICE, has been organized and in existence within Pinellas County.

8.    At all times material, Plaintiff was an employee of Defendant, PINELLAS COUNTY SHERIFF'S OFFICE.

## ADMINISTRATIVE PREREQUISITES

9.    Ms. Figueroa has satisfied all prerequisites necessary to bring this cause of action. Plaintiff filed a charge jointly with the EEOC and the Florida Commission on Human Relations (FCHR). Plaintiff did not receive a determination after 180 days and requested a right to sue letter from the EEOC, which she received. Plaintiff filed this action before the expiration of any deadlines to file suit.

## GENERAL ALLEGATIONS

10.    Cynthia Figueroa is a thirty-four-year-old female who suffers from Endometriosis, Adenomyosis, and Polycystic Ovarian Syndrome (PCOS).

11.    In and around March 19, 2019, the Pinellas County Sheriff's Office ("Sheriff's Office") hired Ms. Figueroa as a Deputy Sheriff as part of the Patrol Operations Bureau.

12.    As part of her duties, Ms. Figueroa was tasked with patrolling certain neighborhoods and streets, tending to dispatch calls, routine traffic stops, and tending to suspicious people.

## ALLEGATIONS RELATED TO GENDER DISCRIMINATION IN THE FORM OF SEXUAL HARASSMENT

13.    In and around February 2020, Deputy Sheriff Travis Stanton (male) constantly sexually harassed Ms. Figueroa while on duty by saying things like, "Hey we're good friends. We should be friends with benefits," subtly suggesting that they have a sexual relationship.

14.    Ms. Figueroa rebuffed Mr. Stanton's sexual advances each time he made these comments.

15.    However, Mr. Stanton's treatment of Ms. Figueroa only worsened with time.

16.    On one occasion, Ms. Figueroa posted a picture of herself with a male friend on her social media.

17.    Mr. Stanton commented on the post and said, "Word on the street is you guys fuckin?"

18.    Over time, Mr. Stanton grew frustrated when Ms. Figueroa continued to decline his sexual advances, and often stated phrases like, "What's your problem? We're friends, why won't you fuck me?"

19.    Though Ms. Figueroa continued to decline, Mr. Stanton began to send her pornographic clips, mainly through Facebook messenger, to get her attention.

20.    At this point, Ms. Figueroa blocked him on all her social media accounts.

21.    In and around September 2020, Deputy Sheriff Olivia Bentschner (female) asked Ms. Figueroa if she had been sexually harassed by Mr. Stanton like Ms. Bentschner had been because she planned to complain about Mr. Stanton's sexual advances to Internal Affairs.

22.    Ms. Figueroa confirmed that she had also been sexually harassed by Mr. Stanton, and that she would join Ms. Bentschener in making a complaint against Deputy Stanton as a witness.

23.    Deputy Bentschner and three other female deputies reported Mr. Stanton's inappropriate behavior to Internal Affairs.

24.    However, Internal Affairs did not investigate and ultimately dropped the matter.

25.    On May 24, 2023, Ms. Figueroa attended her first day of two-day In-Service Training (annually required training).

26.    During this time, Training Corporal Michael Segura (male) told Ms. Figueroa he would allow her to pass the physical assessment test and that she would

receive a $100.00 bonus incentive if she would accompany him to the garage where there were no cameras.

27.    Even though Ms. Figueroa told Mr. Segura that she was not interested, he continued to tell her that he knew where the cameras in the garage were located, what areas were secluded, and where no one could see them.

28.    Ms. Figueroa notified Lieutenant Kimberly Kilian (female) of the incident.

29.    During a different training session in June or July of 2023, Ms. Figueroa sat in uniform facing the front of the classroom.

30.    Mr. Segura escalated his sexual advances toward Ms. Figueroa when he approached her from behind and removed a window breaker out of her back pocket while she had her back turned to him. Ms. Figueroa felt either the window breaker or Mr. Segura's hand touch her butt.

31.    On July 24, 2023, Ms. Figueroa again complained to Lieutenant Kilian and Seargent James Arntz (male) about Mr. Segura's sexual advances toward her. However, nothing came of this complaint.

32.    In and around December 13, 2023, Ms. Figueroa met with Sheriff Robert Gualtieri (male) to complain about Mr. Stanton's and Mr. Segura's inappropriate sexual advances and instances of retaliation toward her. In response, Sheriff Gualtieri told Ms. Figueroa to make her complaint to Internal Affairs and she followed his advice.

33.    A month later, Sheriff Gualtieri called Ms. Figueroa into his office and admitted that Mr. Stanton was a "predator" because of his inappropriate sexual treatment of women in at the Sheriff's' Office. However, Sheriff Gualtieri also told Ms. Figueroa that she was not a victim, and that nothing could be done due to the Officer Bill of Rights.

34.    In and around February 2024, Ms. Figueroa met with Captain Melvin Jackson (male) and told him that she felt like she didn't have a future at the Sherriff's office because her coworkers had unfairly sullied her reputation and because she had been overlooked for any available promotion after her complaint with Internal Affairs.

35.    During this meeting, Mr. Jackson cryptically asked her, "Do you have loyalty to the agency?" In response, Ms. Figueroa stated, "How can I have loyalty to an agency that is not loyal to me?" Ms. Figueroa also explained that she did not feel safe as a woman at the Sherriff's Office.

36.    A few days later, the Sheriff's Office initiated an investigation against her for a loyalty violation.

37.    On March 12, 2024, Defendant constructively terminated Ms. Figueroa from her position because she could no longer endure the sexual harassment at the hands of the Sheriff's Office and its agents.

## ALLEGATIONS CENTRAL TO ADA AND TITLE VII CLAIMS BASED ON DISABILITY AND GENDER DISCRIMINATION

38.    Cynthia Figueroa suffers from Endometriosis, Adenomyosis, and Polycystic Ovarian Syndrome (PCOS).

39.     Throughout the course of her employment, Ms. Figueroa's underlying disability caused her debilitating abdominal and uterine pain, sharp/stabbing pain, back pain, and fatigue.

40.     Despite this, Ms. Figueroa continued to perform her job duties and excelled in her position.

41.     However, in recent years, Ms. Figueroa condition drastically worsened as she started to experience flare-ups with increased frequency.

42.     In and around February 2024, the Sheriff's Office abruptly changed Ms. Figueroa's shift from the night shift to the day shift without explanation.

43.     This sudden change exacerbated her condition and caused her to experience flare-ups with heightened frequency.

44.     Although Ms. Figueroa protested this change, the Sheriff's Office informed her that the night shift deputies had already chosen their spots and that Ms. Figueroa could not be prioritized.

45.     In and around October 3, 2023, the Sheriff's Office required Ms. Figueroa to participate in the annual gas training session during which she had to expose herself to CS gas (a type of tear gas).

46.     While Ms. Figueroa had participated in this type of training in the past, her condition had exponentially worsened since and she had required an accommodation to participate.

47.     Consequently, Ms. Figueroa asked Lieutenant Killian and Sergeant Arntz if she could get a reasonable accommodation to limit her exposure to the gas

because overexposure to the gas caused her to experience intense flare ups related to her condition.

48.     However, they informed Ms. Figueroa that their chain-of-command refused to accommodate her, and that she was forced to participate in the training session under threat of termination.

49.     Meanwhile, the Sheriff's Office provided Police Community Support Deputy Sheriff Levi Blake (male) with a waiver allowing Mr. Blake to skip the annual gas training because he had a disability that could worsen if he had been exposed to the gas.

50.     Alternatively, on March 12, 2024, Defendant constructively terminated Ms. Figueroa from her position because Defendant failed to provide her with a reasonable accommodation and failed to engage in the interactive process in good faith.

51.     Plaintiff has incurred attorney's fees and costs in bringing this action.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**Discrimination Resulting in a Hostile Work Environment**
**Based on Sex in the Form of Sexual Harassment**

52.     Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

53.     Ms. Figueroa is protected from discrimination on the basis of her gender.

54.     At all material times, Ms. Figueroa was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

55.     Ms. Figueroa was qualified for the position she held with the Defendant.

56.     Ms. Figueroa's male coworkers targeted and sexually harassed her based on her gender.

57.     Deputy Sheriff Travis Stanton regularly sexually harassed Ms. Figueroa by suggesting that they initiate a sexual relationship. Specifically, Deputy Sheriff Stanton would tell Ms. Figueroa, "We should be friends with benefits." When Ms. Figueroa rebuffed Deputy Sheriff Stanton's sexual advances, he continued to sexually harass Ms. Figueroa by commenting inappropriate remarks on social media posts and sending Ms. Figueroa pornographic clips.

58.     In May 2023, Training Corporal Michael Segura participated in quid-quo-pro sexual harassment when he insisted that he would allow her to pass a physical assessment test and receive a $100.00 bonus incentive if Ms. Figueroa accompanied him to the garage where there were no cameras.

59.     Although Ms. Figueroa made several complaints of sexual harassment to Internal Affairs, Lieutenant Kimberly Killian, and Sergeant James Arntz about Deputy Sheriff Stanton and Training Corporal Segura's inappropriate conduct, Defendant did nothing to address these complaints.

60.    Defendant knew or should have known that these events of sexual harassment had occurred and were unwelcome. Despite this Defendant failed to take prompt remedial action.

61.    The discriminatory conduct described herein was severe and pervasive and subjected Ms. Figueroa to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Figueroa's ability to perform her job duties.

62.    Defendant's actions in subjecting Ms. Figueroa to a sexually abusive hostile work environment were reckless, willful, and malicious.

63.    Defendant failed to take adequate remedial measures in response to Ms. Figueroa's reports of sexual harassment.

64.    Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

65.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.      Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages; and

F.      Such other relief as this Court shall deem appropriate.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**Sex Discrimination Resulting in Adverse Employment Action**

66.     Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

67.     Ms. Figueroa is a female and as such, is protected from discrimination on the basis of her gender.

68.     At all material times, Ms. Figueroa was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

69.     Ms. Figueroa was qualified for the position she held with the Defendant.

70.    Defendant subjected Ms. Figueroa to adverse employment action based on her gender.

71.    On March 12, 2024, Defendant constructively terminated Ms. Figueroa from her position by ignoring her complaints of sexual harassment and by conducting a retaliatory investigation of her loyalty to the Department.

72.    Defendant's actions in counter investigating Ms. Figueroa and ignoring her complaints of sexual harassment and gender discrimination were reckless, willful, and malicious.

73.    Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

74.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages; and

F.      Such other relief as this Court shall deem appropriate.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**Retaliation for Engaging in Protected Activity**
**Resulting in Adverse Employment Action**

75.     Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

76.     Plaintiff is a member of a protected class under Title VII.

77.     Plaintiff engaged in protected activity when she complained to Sheriff Robert Gualtieri and Internal Affairs that she had been sexually harassed by Mr. Stanton and Mr. Segura.

78.     Defendant failed to conduct an adequate investigation regarding Ms. Figueroa's complaints.

79.     Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under Title VII by initiating a counter investigation against her causing her to

resign after she complained about being sexually harassed. Plaintiff's resignation serves as a constructive termination.

80.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate

## COUNT IV
### Violation of the FCRA
### Discrimination Resulting in a Hostile Work Environment
### Based on Sex in the Form of Sexual Harassment

81.    Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

82.    Ms. Figueroa is protected from discrimination on the basis of her gender.

83.    At all material times, Ms. Figueroa was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

84.    Ms. Figueroa was qualified for the position she held with the Defendant.

85.    Ms. Figueroa's male coworkers targeted and sexually harassed her based on her gender.

86.    Deputy Sheriff Travis Stanton regularly sexually harassed Ms. Figueroa by suggesting that they initiate a sexual relationship. Specifically, Deputy Sheriff Stanton would tell Ms. Figueroa, "We should be friends with benefits." When Ms. Figueroa rebuffed Deputy Sheriff Stanton's sexual advances, he continued to sexually harass Ms. Figueroa by commenting inappropriate remarks on social media posts and sending Ms. Figueroa pornographic clips.

87.    In May 2023, Training Corporal Michael Segura participated in quid-quo-pro sexual harassment when he insisted that he would allow her to pass a physical

assessment test and receive a $100.00 bonus incentive if Ms. Figueroa accompanied him to the garage where there were no cameras.

88.     Although Ms. Figueroa made several complaints of sexual harassment to Internal Affairs, Lieutenant Kimberly Killian, and Sergeant James Arntz about Deputy Sheriff Stanton and Training Corporal Segura's inappropriate conduct, Defendant did nothing to address these complaints.

89.     Defendant knew or should have known that these events of sexual harassment had occurred and were unwelcome. Despite this Defendant failed to take prompt remedial action.

90.     The discriminatory conduct described herein was severe and pervasive and subjected Ms. Figueroa to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Figueroa's ability to perform her job duties.

91.     Defendant's actions in subjecting Ms. Figueroa to a sexually abusive hostile work environment were reckless, willful, and malicious.

92.     Defendant failed to take adequate remedial measures in response to Ms. Figueroa's reports of sexual harassment.

93.     By virtue of the actions described herein, Defendant has violated the FCRA.

94.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation,

embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages; and

F.    Such other relief as this Court shall deem appropriate.

### COUNT V
### Violation of the FCRA
### Sex Discrimination Resulting in Adverse Employment Action

95.    Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

96.    Ms. Figueroa is a female and as such, is protected from discrimination on the basis of her gender.

17

97.    At all material times, Ms. Figueroa was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

98.    Ms. Figueroa was qualified for the position she held with the Defendant.

99.    Defendant subjected Ms. Figueroa to adverse employment action based on her gender.

100.    On March 12, 2024, Defendant constructively terminated Ms. Figueroa from her position by ignoring her complaints of sexual harassment and by conducting a retaliatory investigation of her loyalty to the Department.

101.    Defendant's actions in counter investigating Ms. Figueroa and ignoring her complaints of sexual harassment and gender discrimination were reckless, willful, and malicious.

102.    By virtue of the actions described herein, Defendant has violated the FCRA.

103.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages; and

F.    Such other relief as this Court shall deem appropriate.

**COUNT VI**
**Violation of the FCRA**
**Retaliation for Engaging in Protected Activity**
**Resulting in Adverse Employment Action**

104.   Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates the allegations put forth in paragraphs one (1) through thirty-seven (37) as if set forth herein in full.

105.   Plaintiff is a member of a protected class under the FCRA.

106.   Plaintiff engaged in protected activity when she complained to Sheriff Robert Gualtieri and Internal Affairs that she had been sexually harassed by Mr. Stanton and Mr. Segura.

107.   Defendant failed to conduct an adequate investigation regarding Ms. Figueroa's complaints.

19

108.    Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under Title VII by initiating a counter investigation against her causing her to resign after she complained about being sexually harassed. Plaintiff's resignation serves as a constructive termination.

109.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate

## COUNT VII
### Violation Of The ADA
### For Failure To Provide a Reasonable Accommodation
### & Engage In The Interactive Process In Good Faith

110.    Plaintiff, CYNTHIA FIGUEROA, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12), and paragraphs thirty-eight (38) through fifty-one (51) as if set forth herein in full.

111.    The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

112.    The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

113.    When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

114.    An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

115.    During her employment with Defendant, Ms. Figueroa suffered from Endometriosis, Andenomyosis, and Polycystic Ovarian Syndrome. These conditions

caused Ms. Figueroa to experience debilitating abdominal and uterine pain, sharp/stabbing pain, back pain, and fatigue.

116. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

117. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

118. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

119. Ms. Figueroa was qualified for her job and was able to perform all essential functions of her job.

120. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith which caused her to resign.

121. Despite knowing about Ms. Figueroa's disability, Defendant abruptly changed her work shift from the night shift to the day shift without explanation. This sudden change caused Ms. Figueroa to experience flare-ups with heightened frequency. Even though Ms. Figueroa sought to change her shifts back to the night shift, Defendant refused to engage in the interactive process in good faith and told her that her request could not be accommodated.

122. Lieutenant Killian and Sergeant Arntz insisted that Ms. Figueroa participate in the annual gas training session under threat of termination. When Ms. Figueroa sought a reasonable accommodation to limit her exposure to CS gas, Defendant denied this accommodation without consideration. Specifically,

Lieutenant Killian and Sergeant Arntz informed Ms. Figueroa that their chain-of-command refused to accommodate Ms. Figueroa.

123.    The discriminatory conduct described herein demonstrates Defendant's failure to provide Ms. Figueroa with a reasonable accommodation and its refusal to engage in the interactive process with Ms. Figueroa in good faith. Defendant's actions violated the ADA and are a form of discrimination against Ms. Figueroa based on her disability.

124.    Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

125.    Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

126.    Ms. Figueroa was forced to resign because of Defendant's refusal to accommodate her disability.

127.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, CYNTHIA FIGUEROA, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     Reasonable attorney's fees and costs; and

F.     All such other relief as the Court deems just, equitable and appropriate.

## COUNT VIII
### Violation of the FCRA
### For Failure To Provide a Reasonable Accommodation
### & Engage In The Interactive Process In Good Faith

128.    Plaintiff, CYNTHIA FIGUEROA, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12), and paragraphs thirty-eight (38) through fifty-one (51) as if set forth herein in full.

129.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

130.    The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

131.    Employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

132. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

133. An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

134. During her employment with Defendant, Ms. Figueroa suffered from Endometriosis, Andenomyosis, and Polycystic Ovarian Syndrome. These conditions caused Ms. Figueroa to experience debilitating abdominal and uterine pain, sharp/stabbing pain, back pain, and fatigue.

135. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

136. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

137. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

138. Ms. Figueroa was qualified for her job and was able to perform all essential functions of her job.

139. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith which caused her to resign.

140. Despite knowing about Ms. Figueroa's disability, Defendant abruptly changed her work shift from the night shift to the day shift without explanation. This

sudden change caused Ms. Figueroa to experience flare-ups with heightened frequency. Even though Ms. Figueroa sought to change her shifts back to the night shift, Defendant refused to engage in the interactive process in good faith and told her that her request could not be accomodated.

141.    Lieutenant Killian and Sergeant Arntz insisted that Ms. Figueroa participate in the annual gas training session under threat of termination. When Ms. Figueroa sought a reasonable accommodation to limit her exposure to CS gas, Defendant denied this accommodation without consideration. Specifically, Lieutenant Killian and Sergeant Arntz informed Ms. Figueroa that their chain-of-command refused to accommodate Ms. Figueroa.

142.    The discriminatory conduct described herein demonstrates Defendant's failure to provide Ms. Figueroa with a reasonable accommodation and its refusal to engage in the interactive process with Ms. Figueroa in good faith. Defendant's actions violated the FCRA and are a form of discrimination against Ms. Figueroa based on her disability.

143.    Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

144.    Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

145.    Ms. Figueroa was forced to resign because of Defendant's refusal to accommodate her disability.

146.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, CYNTHIA FIGUEROA, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT IX**
**Violation of Title VIII For Discrimination Resulting In**
**Adverse Employment Action On The Basis of Gender**

147.    Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and paragraphs thirty-eight (38) through fifty-one (51) as if set forth fully herein.

148.    Defendant is an "employer" within the meaning of Title VII.

149.    Ms. Figueroa is an "employee" of Defendant within the meaning of Title VII.

27

150.    Ms. Figueroa is a member of a protected class because of her gender and is therefore protected by Title VII.

151.    At all times material, Ms. Figueroa was qualified to perform her job duties.

152.    Ms. Figueroa's superiors regularly treated male employees more favorable than female employees.

153.    Specifically, Defendant treated Police Community Support Deputy Sheriff Levi Blake (male employee) more favorably than Ms. Figueroa when it provided him with a waiver, allowing him to skip the annual gas training because he had a disability that could worsen if he had been exposed to the gas.

154.    Meanwhile, Defendant did not provide Ms. Figueroa with an accommodation to limit her exposure to the gas even though overexposure to the gas caused her to experience intense flare ups related to her underlying condition. Instead, Defendant forced Ms. Figueroa to participate in the training session under threat of termination.

155.    In and around February 2024, Defendant initiated an investigation against Ms. Figueroa for a loyalty violation after she told Captain Melvin Jackson (male employee) that she did not feel safe as a woman at the Sheriff's Office.

156.    On March 12, 2024, Plaintiff resigned due to the Defendant's actions. Defendant constructively terminated Ms. Figueroa because of her gender.

157.    Defendant's actions in terminating Ms. Figueroa because of her gender were reckless, willful, and malicious.

158.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Figueroa respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Figueroa;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

G.    Attorney's fees and costs; and

H.    For such other relief as the Court deems just and equitable.

<u>**COUNT X**</u>
**Violation Of The FCRA For Discrimination Resulting
In Adverse Employment Action On The Basis Of Gender**

159.    Plaintiff, CYNTHIA FIGUEROA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and paragraphs thirty-eight (38) through fifty-one (51) as if set forth fully herein.

160.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race and color.

161.    Ms. Figueroa has satisfied all procedural and administrative requirements set forth in the FCRA.

162.    Ms. Figueroa is a member of a protected class because of her gender and therefore is protected by the FCRA.

163.    At all times material, Ms. Figueroa is qualified to perform her job duties.

164.    Ms. Figueroa's superiors regularly treated male employees more favorable than female employees.

165.    Specifically, Defendant treated Police Community Support Deputy Sheriff Levi Blake (male employee) more favorably than Ms. Figueroa when it provided him with a waiver, allowing him to skip the annual gas training because he had a disability that could worsen if he had been exposed to the gas.

166.    Meanwhile, Defendant did not provide Ms. Figueroa with an accommodation to limit her exposure to the gas even though overexposure to the gas caused her to experience intense flare ups related to her underlying condition. Instead, Defendant forced Ms. Figueroa to participate in the training session under threat of termination.

167.    In and around February 2024, Defendant initiated an investigation against Ms. Figueroa for a loyalty violation after she told Captain Melvin Jackson (male employee) that she did not feel safe as a woman at the Sheriff's Office.

168.    On March 12, 2024, Plaintiff resigned due to the Defendant's actions. Defendant constructively terminated Ms. Figueroa because of her gender.

169.    Defendant's actions in constructively terminating Ms. Figueroa because of her gender were reckless, willful, and malicious.

170.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Figueroa respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Figueroa;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

G.    Attorney's fees and costs; and

H.    For such other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 5th day of December, 2025.

*/s/ Gary L Printy, Jr, Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N. Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Cynthia Figueroa*